# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MARK LOVELO** | : | |
| **A/K/A MARK LOVELL** | : | |
| Care of: | : | Case No. 23-cv-114 |
| Anita Washington | : | |
| 312 Elm St #1485 | : | |
| Cincinnati, OH 45202 | : | |
| | : | Judge: |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **CLERMONT COUNTY** | : | |
| **SHERIFF'S OFFICE** | : | |
| 4470 OH-222 | : | |
| Batavia, Ohio 45103 | : | |
| | : | |
| and | : | |
| | : | |
| **CLERMONT COUNTY, OHIO** | : | |
| 101 E. Main Street | : | |
| Batavia, OH 45103 | : | |
| | : | |
| and | : | |
| | : | |
| **SHERIFF ROBERT LEAHY** | : | |
| **In his official and individual** | : | |
| **capacity** | : | |
| 4470 OH-222 | : | |
| Batavia, Ohio 45103 | : | |
| | : | |
| and | : | |
| | : | |
| **JOSEPH BAILEY** | : | |
| **In his official and individual** | : | |
| **capacity** | : | |
| 4470 OH-222 | : | |
| Batavia, Ohio 45103 | : | |
| | : | |
| and | : | |
| | : | |
| **SAMANTHA IRWIN** | : | |
| **In her official and individual** | : | |
| **capacity** | : | |
| 807 Hinton Dr. | : | |
| Maysville, KY 41056 | : | |
| | : | |
| | : | |

| | |
|---|---|
| **ERIC MULLENIX**<br>In his official and individual capacity<br>4470 OH-222<br>Batavia, Ohio 45103 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **GREGORY PAFF**<br>In his official and individual capacity<br>4470 OH-222<br>Batavia, Ohio 45103 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **DYLAN PEMBERTON**<br>In her official and individual capacity<br>4470 OH-222<br>Batavia, Ohio 45103 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **ALEX TINCHER**<br>In his official and individual capacity<br>4470 OH-222<br>Batavia, Ohio 45103 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **TERRA SHOUSE**<br>In her official and individual capacity<br>4470 OH-222<br>Batavia, Ohio 45103 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **SOUTHERN HEALTH PARTNERS**<br>c/o CT Corporation System<br>4400 Easton CMNS WY, Ste 125<br>Columbus, Ohio 43219 | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## COMPLAINT AND JURY DEMAND

Mark Lovelo ("Plaintiff") for his Complaint against Clermont County Sheriff's Office, Clermont County, Ohio, Sheriff Robert Leahy, Joseph Bailey, Samantha Irwin, Eric Mullenix, Gregory Paff, Dylan Pemberton, Alex Tincher, Terra Shouse, and Southern Health Partners ("Defendants"), complains the following:

### I.  PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. § 1983, a civil rights action, to emend the events, which occurred at Clermont County Jail on February 27, 2021. These events were a deprivation under color of state law of rights secured to Mr. Lovelo through the United States Constitution. It alleges six Clermont County Sheriff's Officers intentionally imperiled Mr. Lovelo to excessive and objectively unreasonable force. This force caused Mr. Lovelo lasting, grave injuries. It also alleges previously stated Clermont County Sheriff's Officers and one nurse working at Clermont County Jail were objectively deliberate and indifferent when withholding adequate medical care to Mr. Lovelo's serious medical need. This withholding of adequate medical care extended Mr. Lovelo's severe pain and exacerbated his injuries. The withholding of adequate medical care also caused Mr. Lovelo to lose consciousness, triggering further injury (cognitive-linguistic defects).

2. Mr. Lovelo brings this action for redress because of the violation of his constitutional rights under the Fourth and Fourteenth Amendment. The Fourth Amendment of the United States Constitution prohibits the use of excessive and objectively unreasonable force from law enforcement officials in the course of an arrest. The due process clause of the Fourteenth Amendment, of the United States Constitution, bars the use of excessive and

objectively unreasonable force by law enforcement officials toward a pretrial detainee. The Fourteenth Amendment further prohibits jail staff from withholding and/or providing inadequate medical care to the serious medical needs of pre-trial detainees.

3. Mr. Lovelo seeks to recover compensatory damages, both economic and non-economic, for the injuries he endured, as a proximate cause of the Defendants' acts. Mr. Lovelo also seeks to recover punitive damages, costs, and reasonable attorney fees.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Mr. Lovelo's claims pursuant to 28 U.S.C. § 1331. This action arises under the United States Constitution. 28 U.S.C. § 1343 grants this Court jurisdiction to redress the deprivation of Mr. Lovelo's rights by the Defendants acting under color of state law.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) because the events and conduct complained of herein occurred within the Southern District of Ohio, specifically, Clermont County.

## III. PARTIES

6. Plaintiff Mark Lovelo, is a citizen of the State of Ohio and the United States. Mr. Lovelo was, at all times relevant to this action, a pre-arraignment detainee in the Clermont County Jail.

7. Defendant Clermont County Sheriff's Office, hereinafter CCSO, is a law enforcement agency for Clermont County, Ohio.

8. Defendant Sheriff Robert Leahy is the Sheriff of Clermont County, Ohio. At all times relevant to this action, he acted under color of state law. Sheriff Leahy is sued in his official and individual capacity. Sheriff Leahy's responsibilities involve(d) training, overseeing, and penalizing employees and agents of CCSO.

9. Defendant Joseph Bailey is a Corrections Officer at the Clermont County

Jail. Officer Bailey is sued in his individual and official capacity. At all times relevant to this action, Officer Bailey acted under color of state law.

10. Defendant Samantha Irwin is a nurse for Southern Health Partners. Southern Health Partners is contracted with Clermont County to provide medical care to inmates in Clermont County Jail. Samantha Irwin is sued in her individual and official capacity. At all times relevant to this action, Samantha Irwin provided medical care for Clermont County Jail inmates and acted under color of state law.

11. Defendant Eric Mullenix is a Corrections Officer at the Clermont County Jail. Officer Mullenix is sued in his individual and official capacity. At all times relevant to this action, Officer Mullenix acted under color of state law.

12. Defendant Gregory Paff is a Corrections Corporal at the Clermont County Jail. Corporal Paff is sued in his individual and official capacity. At all times relevant to this action, Corporal Paff acted under color of state law.

13. Defendant Dylan Pemberton is a Corrections Officer at the Clermont County Jail. Officer Pemberton is sued in his individual and official capacity. At all times relevant to this action, Officer Pemberton acted under color of state law.

14. Defendant Alex Tincher is a Corrections Officer at the Clermont County Jail. Officer Tincher is sued in his individual and official capacity. At all times relevant to this action, Officer Tincher acted under color of state law.

15. Defendant Terra Shouse is a Corrections Officer at the Clermont County Jail. Officer Shouse is sued in her individual and official capacity. At all times relevant to this action, Officer Shouse acted under color of state law.

16. Defendant Southern Health Partners is a provider of medical care for Clermont County. At all times relevant to this action, Southern Health Partners was contracted with Clermont County to customize the medical program at Clermont County

Jail, provide medical care to inmates, provide medical training to correctional officers and medical staff, and to oversee and discipline medical staff working at Clermont County Jail. At all times relevant to this action Southern Health Partners acted under color of state law.

### IV. STATEMENT OF FACTS
#### Occurrence

17. On February 27, 2021 at around 12:26 A.M. Mr. Lovelo was brought into the Clermont County jail as a pre arraignment detainee. Mr. Lovelo was able to stand up straight while walking when brought into the facility.

18. Shortly after entering the facility and Officer Pembelton searching Mr. Lovelo, Mr. Lovelo became frustrated with Officer Bailey holding onto Mr. Lovelo's arm. Officers told Mr. Lovelo to loosen up his hand and to stop tensing up. A third officer also grabbed Mr. Lovelo's arm. Mr. Lovelo eventually did open his hand, but Mr. Lovelo was still taken to the ground, where he landed on his face and stomach.

19. His face was pushed up against the ground and he was in a defenseless position. His arms were being held while Officer Mullenex, Officer Tencher, and Officer Bailey were on top of him. Without any legitimate or reasonable cause to believe that Mr. Lovelo posed an imminent threat of harm to himself or others the officers attacked Mr. Lovelo. Corporal Paff initiated two punches to Mr. Lovelo's right shoulder and upper back region. Officer Tincher also punched Mr. Lovelo in his back multiple times. Officer Pembelton struck Mr. Lovelo in his head, shoulder, and back repeatedly. Officer Tencher sprayed Mr. Lovelo's face with OC Pepper Gel. Officer Mullenix repeatedly punched Mr. Lovelo's legs.

20. The officers placed cuffs on Mr. Lovelo, a spit bag over his bleeding face, and restrained him in a chair. Nurse Samantha Irwin, who had watched the attack,

checked his blood pressure and they put him in a room alone at around 12:36 A.M.

21. Mr. Lovelo was left there until approximately 2:25 A.M. When officers took Mr. Lovelo out of the room, Mr. Lovelo was unresponsive. Officer Bailey sternum rubbed Mr. Lovelo's chest, but Mr. Lovelo did not respond. Officer Bailey gave Mr. Lovelo a second sternum rub, which Mr. Lovelo responded to. Mr. Lovelo once again became unresponsive, and Officer Bailey shook Mr. Lovelo's shoulder to which Mr. Lovelo responded and remained conscious. No nurse was requested to check on Mr. Lovelo at that time. Officer Bailey, Corporal Paff, and Officer Pembelton wheeled Mr. Lovelo to the shower.

22. The officers helped Mr. Lovelo out of the wheelchair. Mr. Lovelo had to be held up by two officers, was limping, and could barely walk. Officers acknowledged that Mr. Lovelo's legs hurt. Mr. Lovelo almost fell because he was unable to balance himself, and he was sat on a bench.

23. Without any legitimate or reasonable cause to believe that he posed an imminent threat of harm to himself or others, the officers attacked Mr. Lovelo. Mr. Lovelo covered his face with his hands, in attempt to protect his face.

24. Corporal Paff, Officer Mullenix, Officer Pembelton, and Officer Bailey threw Mr. Lovelo onto the ground. The officers began punching and kneeing Mr. Lovelo in the head, shoulders, and back, while officer Shouse held his legs. Officer Shouse began to bend his legs to the side of his body and punched Mr. Lovelo on his leg.

25. All the while, Mr. Lovelo was told to roll over while four officers were on top of him, striking him, and holding his legs. Mr. Lovelo told the officers he was stuck, but they continued to deliver blows to his body.

26. After the officers were finished, they placed an injured Mr. Lovelo into a restraint chair. Officers wheeled him to Nurse Samantha Irwin, who did not take his

blood pressure, nor did she ask Mr. Lovelo if he was injured. Nurse Irwin checked Mr. Lovelo's restraints. Mr. Lovelo became unresponsive while Nurse Irwin was checking the restraints, yet Nurse Irwin still did not medically check Mr. Lovelo. Officers were present and acknowledged Mr. Lovelo passing out by stating, "take another nap." Nurse Irwin announced Mr. Lovelo's restraints were good. Officers wheeled Mr. Lovelo to a room. At approximately 2:34 A.M. the officers left him in the room alone and restrained to a chair.

27. Officer Bailey, Corporal Paff, and Officer Pembelton got Mr. Lovelo out of the room at approximately 4:24 A.M. and wheeled him to the shower again at approximately 4:26 A.M.

28. Officer Pembelton and Corporal Paff helped Mr. Lovelo slowly, limp back into the shower area, holding him by both arms to keep him from falling. As he walked, without a shirt, cuts and bruises were visible on his shoulders and his back was red.

29. The officers sat him on the bench, where Mr. Lovelo complained about his mouth due to his dentures shattering from the attacks. He told the officers he could not move. Mr. Lovelo attempted to undress but could not stand up by himself. Corporal Paff had to grab Mr. Lovelo's arm to stop Mr. Lovelo from falling.

30. After, getting him changed into uniform, they stood Mr. Lovelo up. Even with two people holding and helping him, Mr. Lovelo could not straighten his back further than just above waist level. Mr. Lovelo stated, "they hurt me bad. I got to see someone right now." The officers told him the nurse was waiting for him.

31. Nurse Samantha Irwin hardly checked Mr. Lovelo. She barely touched Mr. Lovelo's legs. Mr. Lovelo told her it was his chest, not his legs. Samantha Irwin did not check Mr. Lovelo's ribs, nor did she check his blood pressure despite seeing Mr. Lovelo's condition deteriorating quickly. Mr. Lovelo was helped to the chair as he was limping and bending over. Once he was placed in the wheelchair, Mr. Lovelo was moaning in severe

pain. Officers had to physically move Mr. Lovelo's legs for him.

32. Mr. Lovelo told the officers they beat him, and the officers responded that they are going to get him on the bed so he can lay down for the rest of the night. Nurse Irwin did not check him further.

33. The officers wheeled him to the room where Mr. Lovelo told them they need to run tests on him. Mr. Lovelo moaned in pain as they went through the door. They lifted him out of the wheelchair and Mr. Lovelo could not stand up, he was bent over at the waist. Mr. Lovelo kept exclaiming, in pain, "oh my God". He told them he was hurting bad. They got him to the bed and laid him down, but he could not turn his legs onto the bed. Mr. Lovelo once again told the officers they hurt him bad and that he cannot move, that he thinks they broke his ribs. The Officer eventually was able to get Mr. Lovelo's legs on the bed. They left him in the room at approximately 4:38 A.M.

34. It was not until approximately six and a half hours later that Mr. Lovelo was taken to medical. At approximately 11:37AM another nurse, Nurse Davis, advised that Mr. Lovelo needed to be transported to CHM due to his injuries.

35. Mr. Lovelo was not taken out of the facility until 2:00 P.M. He was taken by EMS due to his traumatic injuries. CMH then transferred him to UC Medical Center due to the gravity of his injuries. Mr. Lovelo had internal bleeding with a grade 3 spleen laceration. Mr. Lovelo also had fractures on five of his ribs (L 8-12). Mr. Lovelo had a collapsed Lung. He was diagnosed with a loss of consciousness causing mild cognitive-linguistic deficits. He was admitted to the hospital for four days and three nights.

36. The acts of the officers were taken under color of state law with intention and disregard. The officers were both deliberate and callously indifferent to Mr. Lovelo's constitutional right to be free from excessive and objectively unreasonable force by law enforcement officers. These acts caused Mr. Lovelo serious injury.

37. The inaction of the officers and nurse were taken under color of state law with intention. The officers and nurse were both deliberate and callously indifferent to Mr. Lovelo's constitutional right as a pre-arraignment detainee to adequate medical attention to his serious medical needs. This inaction caused Mr. Lovelo serious injury.

**After the Occurrence**

38. Post the forementioned incident, Defendants CCSO and Sheriff Leahy received written incident reports and statements from all officers involved in Mr. Lovelo's attack. All officers supplied detailed descriptions of their use of excessive and objectively unreasonable force against Mr. Lovelo. The descriptions described a takedown where Mr. Lovelo landed on his face and stomach; the use of "strikes" with knees and closed fists to his shoulders, abdomen, legs, hips, and torso; and the use of "OC Gel" pepper spray to Mr. Lovelo's face on two different occasions. Video surveillance was also viewed.

39. To Mr. Lovelo's knowledge, even though video surveillance was viewed and reports describing excessive and objectively unreasonable force were read, there has been no action taken to remedy or correct the officers' and nurse's actions. Defendants CCSO and Sheriff Leahy have taken no formal corrective or punitive action. They have made no formal rejection of the officers' attacks on Mr. Lovelo. They have not advised or reeducated the officers involved in the attack of Mr. Lovelo.

40. To Mr. Lovelo's knowledge, despite the surveillance video of objective, deliberate indifference to Mr. Lovelo's serious medical needs Defendants CCSO, Sheriff Leahy, and Southern Health Partners have taken no official corrective or punitive action. They have made no official rejection of the actions, nor advisement or reeducation of the officers and nurse.

41. Mr. Lovelo still has physical and emotional pain from the Defendants'

intentional, negligent use of excessive and objectively unreasonable force. Mr. Lovelo still has physical and emotional pain from the Defendants' objective, deliberate indifference to Mr. Lovelo's serious medical needs. His pain is the direct and proximate results of all the intentional, negligent actions of each and all of the Defendants.

**STATEMENT OF CLAIMS**

**COUNT 1**
**Violation of the Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983- Excessive Force (1st act)**

42. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 41 as if fully rewritten.

43. The foregoing mentioned acts by Defendant Officers Bailey, Mullenex, Pemberton, Tencher, and Corporal Paff, acting under color of state law, constituted an excessive and objectively unreasonable use of force. This force was in violation of Mr. Levelo's Fourth and Fourteenth Amendment rights of the United States Constitution.

**COUNT 2**
**Violation of the Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983 - Excessive Force (2nd act)**

44. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 43 as if fully rewritten.

45. The foregoing acts of Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff, acting under color of state law, constituted an excessive and objectively unreasonable use of force. This force was in violation of Mr. Lovelo's Fourth and Fourteenth Amendments rights of the United States Constitution.

**COUNT 3**
**Violation of Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983- Failure to Protect Excessive Force (1st act)**

46. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 45 as if fully rewritten.

47. Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff, acting under color of state law, had an affirmative duty to protect Mr. Lovelo from the use of excessive and objectively unreasonable force by the other officers. They were not only present, but they were willful and wanton when they chose to not intervene, despite having genuine opportunity. All the defendants knew excessive and objectively unreasonable force was being utilized and such force was in violation of Mr. Lovelo's constitutional rights as secured by the Fourth and Fourteenth Amendment of the United States Constitution.

**COUNT 4**
**Violation of Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983- Failure to Protect Excessive Force (2nd act)**

48. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 47 as if fully rewritten.

49. Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff, acting under color of state law, had an affirmative duty to protect Mr. Lovelo from the use of excessive and objectively unreasonable force by the other officers. They were not only present, but they were willful and wanton when they chose not to intervene, despite having real opportunity. All the defendants knew excessive and objectively unreasonable force was being utilized and such force was in violation of Mr. Lovelo's constitutional rights as secured by the Fourth and Fourteenth Amendment of the United States Constitution.

# COUNT 5

**Violation of the Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983 - Failure to Supervise Excessive Force**

50. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 49 as if fully rewritten.

51. Defendants CCSO and Sheriff Leahy acted under color of state law.

52. The use of excessive and objectively unreasonable force to Mr. Lovelo by CCSO's and Sheriff Leahy's subordinates: Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff (acting under color of state law), deprived Mr. Lovelo of his constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution.

53. Despite their duty, defendants CCSO and Sheriff Leahy failed to exercise the proper and necessary supervision over Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff. Under these circumstances Defendants CCSO and Sheriff Leahy had knowledge of or should have had knowledge of, had they used reasonable diligence, that these officers posed an unreasonable risk of utilizing excessive and objectively unreasonable force on inmates under color of state law.

54. Their neglect to properly supervise, discipline, and train these officers displays Defendants CCSO's and Sheriff Leahy's intentional indifference to the rights of citizens to be free from the use of excessive and objectively unreasonable force by members of that department through their official policy, longstanding practice, and custom.

55. Supervising Defendants CCSO and Sheriff Leahy's conduct, which displayed reckless or intentional indifference caused the deprivation of Mr. Lovelo's constitutional rights. Their conduct was so closely associated with the deprivation that

it was the moving force behind the injury to Mr. Lovelo by Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff.

**COUNT 6**
**Violation of the Fourth and Fourteenth Amendment**
**42 U.S.C. § 1983 – Ratification of Excessive Force**

56. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 55 as if fully rewritten.

57. Defendants Officers Bailey, Mullenix, Pemberton, Shouse, Tencher and Corporal Paff acted under color of state law when they used excessive and objectively unreasonable force against Mr. Lovelo.

58. The acts of Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, and Corporal Paff deprived Mr. Lovelo of his rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of excessive and objectively unreasonable force.

59. Defendant Sheriff Leahy had final policy and procedure making authority for CCSO, its employees, agents, and concerning the acts of Officers Bailey, Mullenix, Pemberton, Shouse, Tencher and Corporal Paff. This authority was given to Sheriff Leahy through legislation by Clermont County and the state of Ohio.

60. Defendants Sheriff Leahy and CCSO ratified the behaviors taken by Officers Bailey, Mullenix, Pemberton, Shouse, Tencher and Corporal Paff when they deliberately failed to counsel, retrain, discipline, or take any reasonable official action to renounce the behaviors taken.

61. Defendants CCSO and Sheriff Leahy's intentional indifference after reports, videos, statements, and an official investigation, constitutes the ratification of excessive and objectively unreasonable force by officers under their supervision and served as the motivating force behind the unconstitutional actions and injuries to Mr. Lovelo.

## COUNT 7
### Violation of the Fourteenth Amendment
### 42 U.S.C. § 1983 - Failure to Provide Adequate Medical Care

62. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 61 as if fully rewritten.

63. The aforementioned intentional actions of Defendants Officer Bailey, Mullenix, Pembelton, Shouse, Tencher, Corporal Paff, and Samantha Irwin caused Mr. Lovelo further injury through objective indifference of Mr. Lovelo's serious medical need. They were present and had the opportunity to take reasonable measures to immediately provide Mr. Lovelo with medical care, take him to medical care, and/or call for medical care. They took no reasonable measures available. Thus, violated Mr. Lovelo's rights secured by the Fourteenth Amendment of the United States Constitution.

## COUNT 8
### Violation of the Fourteenth Amendment
### 42 U.S.C. § 1983 - Failure to Protect from Inadequate Medical Care

64. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 63 as if fully rewritten.

65. Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Irwin, and Corporal Paff, acting under color of state law, had an affirmative duty to protect Mr. Lovelo from objective and deliberate indifference to Mr. Lovelo's serious medical needs. They were not only present, but they were willful and wanton when they chose not to intervene, despite having real opportunity. All the defendants witnessed the quick decline in Mr. Lovelo's health, the pain he was experiencing, and knew lack of immediate and adequate medical attention was in violation of Mr. Lovelo's constitutional rights as secured by the Fourteenth Amendment of the United States Constitution.

# COUNT 9
## Violation of the Fourteenth Amendment
## 42 U.S.C. § 1983 - Failure to Supervise Inadequate Medical Care

66. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 65 as if fully rewritten.

67. Defendants CCSO, Sheriff Leahy, and Southern Health Partners acted under color of state law.

68. The acts of CCSO's, Sheriff Leahy's, and Southern Health Partners' subordinates Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff (under color of state law) deprived Mr. Lovelo, a pre arraignment detainee, of his right to adequate attention for his serious medical needs under the Fourteenth Amendment of the United States Constitution.

69. Under these circumstances Defendants CCSO and Sheriff Leahy had knowledge of or should have had knowledge of, by the utilization of reasonable diligence, that these officers and nurse posed an unreasonable risk of being objectively, deliberately indifferent to pre-trial detainees' serious medical needs under color of state law.

70. Their neglect to properly supervise, discipline, or train these officers and nurse displays Defendants CCSO's, Sheriff Leahy's, and Southern Health Partner's intentional indifference to the rights of citizens to be free from intentional indifference of inmates' grave medical needs by members of that department through their official policy, longstanding practice, and custom.

71. The supervising defendants conduct, which displayed reckless or intentional indifference caused the deprivation of Mr. Lovelo's constitutional rights. Their conduct was so closely associated with the deprivation that it was the moving force behind the injury to Mr. Lovelo by Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff.

# COUNT 10

## Violation of the Fourteenth Amendment
### 42 U.S.C. § 1983 - Ratification for Inadequate Medical Care

72. Mr. Lovelo re-alleges and incorporates herein the allegations contained in paragraphs 1 through 71 as if fully rewritten.

73. Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff acted under color of state law when they were objectively, deliberately indifferent to Mr. Lovelo's serious medical needs.

74. The acts of Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff deprived Mr. Lovelo of his rights to adequate medical attention to a serious medical need as a pre arraingement detainee under the Fourteenth Amendment of the United States Constitution.

75. CCSO, Sheiff Leahy, and Southern Health Partners acted under color of state law.

76. Sheriff Leahy had final policymaking authority for Clermont County Sheriff's Office, its employees and agents, and concerning the acts/inaction taken by Defendant Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Samantha Irwin, and Corporal Paff.

77. Defendant Southern Health Partners had final policymaking authority for its employees and agents who worked at Clermont County Jail, concerning the acts/inaction taken by Nurse Samantha Irwin through its contract with Clermont County and approved through Clermont County Commission vote.

78. Defendants CCSO, Sheriff Leahy, and Southern Health Parnters ratified the behavior taken by Officers Bailey, Mullenix, Pemberton, Shouse, Tencher, Nurse Irwin, and Corporal Paff when they deliberately failed to counsel, retrain, discipline, or take any

reasonable official action to renounce the behavior taken.

79. Defendants CCSO, Sheriff Leahy, and Southern Health Partner's intentional indifference after reports, videos, statements, and an official investigation, constitutes the ratification of objective and intentional indifference to pre-trial detainees' serious medical needs by officers and nurses under their supervision and served as the motivating force behind the unconstitutional actions and injuries to Mr. Lovelo.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mark Lovelo, demands judgment against Defendants Clermont County Sheriff's Office, Sheriff Robert Leahy, Joseph Bailey, Samantha Irwin, Eric Mullenix, Gregory Paff, Dylan Pemberton, Alex Tincher, Terra Shouse, and Southern Health Partners, and each of them, jointly and severally, as follows:

a. A judgment for compensatory damages for his economic and non-economic injuries in an amount to be determined at trial;

b. A judgment for punitive damages against the individual Defendants in an amount to be determined at trial;

c. A judgment for an award of Plaintiff's reasonable attorney fees and costs;

d. A judgment for such other relief in law or in equity that is appropriate under the premises.

February 25, 2023        Respectfully Submitted,

　　　　　　　　　　　　　 */s/ James Griffin O'Brien*　　　　　　　　　
　　　　　　　　　　　　　James Griffin O'Brien (Ohio 0088460, Cal. 308239)
　　　　　　　　　　　　　BEY & ASSOCIATES, LLC
　　　　　　　　　　　　　191 Peachtree Street NE #3200
　　　　　　　　　　　　　Atlanta, Georgia 30303
　　　　　　　　　　　　　Tel.　404.344.4448
　　　　　　　　　　　　　Email  jim@obrien.law

　　　　　　　　　　　　　*Counsel for Plaintiff Mark Lovelo*

# JURY DEMAND

Plaintiff Mark Lovelo demands a jury trial to resolve issues of fact related to his Complaint.

February 25, 2023          Respectfully Submitted,

                                   <u>/s/ James Griffin O'Brien</u>

                                   *Counsel for Plaintiff Mark Lovelo*