UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK LOVELL,

    Plaintiff,

v.

CLERMONT COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 1:23-cv-114

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**[1]

Plaintiff Mark Lovell filed suit against multiple Defendants under 42 U.S.C. § 1983 based on events that occurred at the Clermont County Jail, following his arrest on misdemeanor charges outside a local bar on the evening of February 27, 2021. Plaintiff generally alleges that multiple Clermont County correctional officers subjected him to excessive force, and that a nurse and the officers exhibited deliberate indifference to his serious medical needs after employing that force. Two motions for summary judgment are pending. Before the Court can address those dispositive motions, this Order addresses three non-dispositive motions related to the briefing of the summary judgment motions.

### I.     Background: the Court's Standing Order and Procedural Motions

Pursuant to the General Standing Order on Civil Procedures, the undersigned magistrate judge requires a party seeking summary judgment to include "as the first attachment to every opening brief…a document entitled "Proposed Undisputed Facts,"

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to proceed before the undersigned magistrate judge. (*See* Doc. 20.)

1

which sets forth … a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." *See* Pretrial Procedures, Section I. E.3.a. Each Proposed Undisputed Fact requires a specific citation to evidence that would be admissible at trial, with the supporting evidence to be filed of record. *Id.*

In addition to the moving party's obligation to include Proposed Undisputed Facts, the non-moving party is obligated to include in any responsive memorandum a "Response to Proposed Undisputed Facts" that confirms whether each of the facts proposed as undisputed by the moving party is actually undisputed (admitted) or denied. *Id.*, Section 1.E.3.b. To the extent the proposed fact is denied, "the denial must be supported with a citation to contrary evidence that would be admissible at trial" with such evidence to be filed of record. The response in opposition to summary judgment "must also include, in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact the opponent contends must be tried." *Id.*

On July 26, 2025, a group of Defendants that includes the Clermont County Board of Commissioners, Sheriff Stratton in his official capacity, former Sheriff Leahy in his individual capacity, and six corrections officers at the Clermont County Jail (collectively referred to as the "County Defendants") filed a motion for summary judgment. (Doc. 58.) The County Defendants' motion included a "Statement of Proposed Undisputed Facts." On the same date, Defendants Southern Health Partners and Nurse Irwin (collectively the "SHP Defendants") filed a separate motion for summary judgment. (Doc. 57.)

Unlike the County Defendants, the SHP Defendants initially failed to include the requisite Proposed Undisputed Facts. Therefore, the Court entered an order, sua sponte,

2

directing the SHP Defendants to file a separate exhibit of Proposed Findings of Fact. The SHP complied with that order on August 4, 2025.

Plaintiff Lovell timely filed separate Responses in Opposition to both motions for summary judgment on August 22, 2025. (Docs. 64, 65.) Although Plaintiff's responses are filled with multiple citations to videos and other records that are referenced *as if* they were evidentiary exhibits filed of record, Plaintiff inadvertently failed to attach or file any of those evidentiary exhibits. And - but for a small number of videos filed by Defendants - the exhibits were not otherwise filed of record.[2] In addition to that error, Plaintiff filed Responses to the Defendants' Proposed Undisputed Facts (Docs. 66, 67) plus Plaintiff's own "Proposed Additional Undisputed Facts." (Doc. 68), rather than including a "Disputed Issues of Material Fact" section as dictated by the Standing Order.

Plaintiff appears to have been unaware to the procedural errors until September 5, 2025. On that day, the County Defendants filed a reply memorandum in support of their pending motion for summary judgment that referenced the errors, (Docs. 69), plus a motion to strike more than two dozen of Plaintiff's responses to their Proposed Undisputed Facts. (Doc. 71.) Among other things, the motion to strike asks this Court to ignore responses based on citations to evidence that Plaintiff inadvertently failed to file of record, and to "treat the facts as set forth by the Defendants' Statement of Proposed Undisputed Facts as undisputed, (see *id.* at PageID 1903). Joined by the SHP Defendants, the County Defendants also moved to strike the document separately filed

---

[2]Plaintiff's response to the County Defendants' motion for summary judgment explains that because he relies in part on exhibits already filed of record by Defendants, "he has only attached *unique* exhibits to this response." (Doc. 64, PageID 1720 (emphasis original).)

3

by Plaintiff as "Proposed Additional Undisputed Facts," in part because it is unauthorized by this Court's Standing Order. (Doc. 70.)

Plaintiff Lovell filed a single response in opposition to the two motions to strike, (Doc. 75), to which the County Defendants filed a reply memorandum.[3] (Doc. 77.) Having been alerted to his procedural errors, Plaintiff separately moved to amend his original Response in Opposition to the pending summary judgment motion so as to include the inadvertently omitted exhibits, and to provide additional record citations. In addition, Plaintiff's tendered Amended Response in Opposition wraps Plaintiff's "Proposed Additional Undisputed Facts" into a "Disputed Issues of Material Fact" section, consistent with the undersigned's Standing Order.

## II.    Analysis of Procedural Motions

Plaintiff's attempt to cure his prior procedural errors is strongly opposed by the Defendants. In addition to various procedural objections, Defendants claim that Plaintiff's proposed amendment includes substantive revisions that would be prejudicial to Defendants. In the exercise of the Court's discretion, the Court will grant Plaintiff's motion to amend/correct his Response, and will deny both motions to strike. To avoid potential prejudice to the County Defendants, the Court will permit that group of Defendants to file an Amended Reply Memorandum if desired.

All parties are expected to closely review and adhere to the undersigned's Standing Orders. But to err is human. Sometimes this Court will catch a procedural error and sua sponte direct a party to correct it, as it did with the SHP Defendants' failure to

---

[3]Because the SHP Defendants only joined the County Defendants' motion to strike Plaintiff's Proposed Additional Undisputed Facts, the reply memorandum states that the SHP Defendants join only "the portions of this [reply] brief that address[] that motion." (Doc. 77, PageID 2464.)

initially include a "Proposed Undisputed Facts" section. Other times, either the party who made the procedural error will recognize it on their own or opposing counsel will point it out.

On the record presented, the motions to strike and opposition to Plaintiff's attempt to correct his errors elevates form over substance to a degree that frustrates the interests of justice. Defendant seeks to win summary judgment based on what is – particularly with respect to Plaintiff's failure to file critical exhibits – essentially a clerical error. But Plaintiff is not blameless. Defendants rightly object to the extent that Plaintiff's "new and improved" Response contains an expansion on the merits of his prior response – beyond the mere "correction" of an omitted exhibit. One example illustrates the point.

The County Defendants' original Proposed Undisputed Fact #54 reads: "Officers were required to use OC Pepper Spray and tactical strikes to gain control." (Doc. 58-1, PageID 1278.) It is worth pointing out that the County Defendants' "Fact #54" does not allege objective fact so much as state Defendants' preferred legal conclusion. Regardless, Defendants cite primarily to the "Response to Resistance" or "RTR" report conducted by Jail officials who deemed the force to be appropriate.[4]

In an apparent attempt to challenge any conclusion that officers were objectively or legally "required" to use force, Plaintiff's first Response in Opposition to Proposed Fact #54 focuses on the facts underlying the deployment of OC spray.

> 54. Deny. Two seconds after Mr. Lovell's torso reached the floor, Officer Tincher announced "OC," which alerted the other officers that he was preparing to deploy OC spray. Less than a second later, and without giving Mr. Lovell any warning, Officer Tincher deployed pepper gel directly to Mr. Lovell's face from only one or two inches away. Officer Bailey shielded himself from the OC gel by removing one of his hands from Mr. Lovell's right

---

[4]Although Defendants also cite to one of four video exhibits they filed, they do not identify what portion of the exhibit supports this alleged "fact" – which arguably is not a "fact" at all but a legal conclusion.

> arm and using it to cover Mr. Lovell's face. (DeBord Video 1 at 5:37-5:40; Clermont Video 2-169 at 4:51-4:54.)

(Doc. 67, PageID 1805.) But despite providing pinpoint citations to two video clips that depict the exact moments involving the deployment of OC spray, Plaintiff failed to file the cited videos. So Defendants urge this Court to accept as "fact" that the force used in the incident was "required."

Plaintiff's motion to amend his Response goes further than merely providing the corrected citations to the two previously cited video exhibits. The highlighted red text reflects the alteration.

> 54. Deny. Two seconds after Mr. Lovell's torso reached the floor, Officer Tincher announced "OC," which alerted the other officers that he was preparing to deploy OC spray. Less than a second later, and without giving Mr. Lovell any warning, Officer Tincher deployed pepper gel directly to Mr. Lovell's face from only one or two inches away. Officer Bailey shielded himself from the OC gel by removing one of his hands from Mr. Lovell's right arm and using it to cover Mr. Lovell's face. (DeBord Video 1 (Ex. 39) at 5:37-5:40; Clermont Video 2-169 (Ex. 26) at 4:51-4:54; Ex. 3 (Still-image of Clermont Video 2-169 (Ex. 26) at 4:51, depicting Mr. Lovell pinned to the floor in a prone position by five of the guards, with two of them securing his arms, before Officer Tincher deployed the OC gel); Ex. 4 (Still-image of Clermont Video 2-169 (Ex. 26) at 4:53, showing Mr. Lovell's arms still secure and not underneath his body when Officer Tincher deployed OC gel directly to his face from point-blank range); Ex. 5 (Still-image of DeBord Video1 (Ex. 39) at 5:39, depicting the same); Ex. 6 (Still-image of Clermont Video 2-169 (Ex. 26) at 4:55, depicting Mr. Lovell still pinned to the floor, with his arms secured and not underneath his body, while Officer Tincher rubbed the OC gel into his face); Ex. 7 (still-image of DeBord Video1 (Ex. 39) at 5:41, showing Officer Mullenix securing Mr. Lovell's left arm behind his back during the OC deployment); Ex. 9 (Still-image of DeBord Video 1 (Ex. 39) at 5:43, showing Officer Mullenix still securing Mr. Lovell's left arm behind his back as Officer Tincher punched his upper back); Ex. 10 (Still-image of Clermont Video 2-169 (Ex. 26) at 4:58, showing Officer Bailey and Officer Pemberton punching Mr. Lovell while Officer Bailey had Mr. Lovell's right arm pinned to the floor with his right leg); Ex. 11 (still-image from DeBord Video 1 (Ex. 40) at 5:49, depicting the same)).

(Doc. 74-2, PageID 1993.)

Defendants' opposition to amendment argues that – under the guise of merely correcting "procedural" errors – Plaintiff essentially expands substantive arguments in opposition to the County Defendants' motion. In his reply memorandum, Plaintiff counters that – notwithstanding the expansion, "each of the proposed exhibits… was specifically referenced in his initial response." For sections in which new citations and parenthetical "explanations" have been added (including but not limited to Proposed Fact #54), Plaintiff argues that the additions "are simply still shots captured from those very same video recordings" and that "each of the still shots was included in [Plaintiff's] initial response in opposition to the County Defendants' summary judgment motion. (Doc. 79, PageID 2492.)

But even if Plaintiff is correct about the prior inclusion of the still photos, the expanded language and manner in which the original response has been altered is *potentially* prejudicial. For that reason, the Court will permit both the County Defendants to file an Amended Reply Memorandum. To be clear, the Court rejects all other objections to Plaintiff's Amended Response. The Court will consider all sections of the Amended Response together with the newly filed supporting exhibits, without further consideration of Plaintiff's original response (Doc. 64), his prior Response to the County Defendants' Proposed Undisputed Facts (Doc. 67), or the previously filed "Additional Proposed Facts." (Doc. 68). Except as discussed herein, the Court overrules other objections expressed in both motions to strike.[5]

---

[5] In contrast to the County Defendants' objection to Plaintiff's separate filing, the SHP Defendants did not move to strike Plaintiff's Response in Opposition to their Proposed Undisputed Facts, (Doc. 66), which will be considered when the Court reviews the merits of the SHP Defendants' motion for summary judgment.

### III. Conclusion and Order

For the reasons stated, IT IS ORDERED:

1. Both motions to strike (Docs. 70, 71) are DENIED based on this Court's exercise of discretion and overruling of Defendants' objections;

2. Plaintiff's motion to amend/correct his Opposition and Responses to Proposed Facts (Doc. 74) is GRANTED, with the tendered Amended Brief in Opposition (Doc. 74-1) to be filed of record by the Clerk of Court, along with tendered exhibits (Doc. 74-2 through 74-14);

3. The Manual Filing of Video Exhibits in support of the Amended Brief in Opposition (Doc. 74-1) will be fully considered on summary judgment as properly filed of record;

4. No further motions to strike, or other motions concerning briefing of the pending motions for summary judgment, shall be filed.

5. Without further motion, the County Defendants may, but are not required to, file an Amended Reply Memorandum in support of summary judgment within seven (7) days of the date of this Order.

                                                                      _s/Stephanie K. Bowman_
                                                                      Stephanie K. Bowman
                                                                       United States Chief Magistrate Judge